# EXHIBIT 1

## YouMail Subpoena and Response

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| Office of the Attorney General, State of Florida | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2022-CA-23945 |
| Smartbiz Telecom LLC | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
YouMail, Inc.
43 Corporate Park, Suite 200 Irvine, CA 92606

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attachment

| Place: Gellis Law, PLLC via email sean@gellislaw.com<br>300 W. Pensacola St.<br>Tallahassee, Florida 32301 | Date and Time:<br><br>04/30/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/02/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Sean W. Gellis |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Smartbiz Telecom LLC , who issues or requests this subpoena, are:

Sean W. Gellis, Esq., 300 W. Pensacola St. Tallahassee, Florida 32301, sean@gellislaw.com, 561-371-2848

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2022-CA-23945

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT

1. Please produce all records in your possession related to Smartbiz Telecom LLC., and/or calls on your platform that you attribute to Smartbiz Telecom LLC that have been tendered to he Florida Office of the Attorney General.

2. Please produce all communications between any officer or employee of YouMail and any officer or employee of the Florida Office of the Attorney General discussing or relating to Smartbiz Telecom LLC, or this case (2022-CA-23945).

3. Please produce all communications between any officer or employee of YouMail and David Frankel discussing or relating to Smartbiz Telecom LLC, or this case (2022-CA-23945).

4. Please produce all communications between any officer or employee of YouMail and any officer or employee of the Industry Traceback Group (www.tracebacks.org), discussing or relating to Smartbiz Telecom LLC, or this case (2022-CA-23945).

5. Please produce any contract, memorandum of understanding, or other written agreement between YouMail and the Florida Office of the Attorney General.

6. Please produce any document, memorandum or report on the effectiveness of YouMail's call blocking function for its customers, including any data that denotes errors or faults in the software whereby robocalls are not successfully blocked by YouMail's software solutions and robocalls reach the subscribers of YouMail software.

WEINBERG
GONSER
FROST

LEE M. WEINBERG
424.239.2860 direct
lee@wgfcounsel.com

April 21, 2023

VIA EMAIL: sean@gellislaw.com

Sean Gellis, Esq.
Gellis Law PLLC
300 W. Pensacola Street
Tallahassee, Florida 32301

      Re:     *Office of the Atty. General of Florida v. Smartbiz Telecom LLC*
             Subpoena addressed to YouMail, Inc.

Dear Mr. Gellis:

We write regarding the records Subpoena (the "Subpoena") addressed to YouMail, Inc. (the "Responding Entity") in the above-referenced matter (the "Action"). The Subpoena purports to demand that the Responding Party produce certain records (i) of YouMail's communications with or about certain other persons and entities, and (ii) that would by their nature include the Responding Party's intellectual property (including, without limitation, trade secrets).

Please be advised that the Responding Entity objects to the Subpoena for the reasons detailed below and reserves all rights relating to this matter, including, but not limited to, the right to seek protective orders.

The Responding Entity believes that the Subpoena is objectionable for a number of reasons, including its scope, time frame, and the burden it seeks to impose on a non-party. The Responding Entity's objections to the Subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure are set forth below.

Notwithstanding the below objections, the Responding Entity anticipates delivering certain responsive information on or before April 30, 2023.

*******************************

1. The Responding Entity objects to the Subpoena in its entirety as being overbroad, burdensome, and oppressive, including, but not limited to, the fact that the requests call for "all" communications, or "all" records, that pertain to numerous individuals and circumstances.

2. The Responding Entity objects to the Subpoena to the extent that it seeks documents that can be obtained in a more convenient, less burdensome, and less expensive manner, from the parties to the Action, from other non-parties, or from publicly available sources. Many of the documents, and much of the information, requested by the Subpoena are available from the parties' own files or from other sources and should be sought from those sources directly. The Responding Entity, a non-party, should not be put to the time and expense of producing such documents.

3. The Responding Entity, a non-party to the Action, objects to the Subpoena to the extent that it calls for the production of documents, memoranda, or reports, that constitute proprietary information, trade secrets, or other confidential, research, development, and/or commercial, information. Such materials (and the information contained therein) have been developed at great expense and effort. Their disclosure would be competitively harmful, and no confidentiality stipulation provides adequate protection for their production.

Sean Gellis, Esq.
April 21, 2023_

4. The Responding Entity objects to the Subpoena to the extent that it purports to require the production of documents or other materials protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, rule, or duty, of confidentiality that would preclude or limit production or disclosure of information therein.

5. The Responding Entity objects to the Subpoena to the extent that it purports to require the production of documents sought by or from regulatory agencies, as the Responding Entity may be precluded from producing such documents.

6. Upon information and belief, by virtue of its overbroad nature, the Subpoena calls for the production of documents and other materials that are not relevant to the issues in the Action or any party's claims or defenses and are not proportional to the needs of the case. The Responding Entity objects to the Subpoena to the extent that it calls for the production of irrelevant documents or other materials.

7. The Responding Entity objects to the Subpoena to the extent it purports to impose an obligation to preserve and/or produce transient or dynamic data, such as metadata, RAM, cookies or data on dynamic databases, because such data are not material to the Action and efforts to preserve and/or produce such data would require an undue burden and unreasonable expense, which the Responding Entity, as a non-party to the Action, is not required to undertake pursuant to the Federal Rules of Civil Procedure.

8. The Responding Entity objects to the Subpoena as overly broad and unduly burdensome to the extent that it purports to require preservation and/or production of ESI: (i) from active backup and disaster recovery systems; (ii) from inactive systems, backup tapes and other media that are no longer part of the Responding Entity's normal business operations; (iii) that is transient or dynamic, such as RAM, system files, log files, cookies or ESI on dynamic databases; (iv) that is fragmentary or corrupt ESI, such as ESI in free or slack drive space, (v) that is not reasonably accessible; or (vi) is duplicative of ESI available from other, more readily accessible sources. Efforts to preserve or produce such ESI would put an undue burden on the Responding Entity, disrupt normal business operations of the Responding Entity, and impose unreasonable expenses on the Responding Entity, especially because the Responding Entity is a non-party to the Action.

9. The Responding Entity objects to the Subpoena to the extent that it seeks the production of documents, including ESI, in a format that is not reasonably usable, or that imposes undue burden and expense on the Responding Entity as a non-party, or that prevents the Responding Entity from adequately labeling and controlling its production. If and when the Responding Entity produces documents and/or other ESI pursuant to the Subpoena, the Responding Entity will produce such documents and/or ESI in a reasonably useable format within the meaning of the Federal Rules of Civil Procedure, or subject to mutual agreement.

10. The Responding Entity objects to the Subpoena (i) to the extent that it calls for the production of documents in a location in which they are not maintained, and (ii) because the Subpoena identifies an address in Florida as the required location for production of documents and other materials, which address is more than 100 miles from the offices of the Responding Entity.

11. The Responding Entity objects to the Subpoena to the extent that it purports to impose any obligations upon the Responding Entity beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of the Southern District of Florida or by controlling case law interpreting these rules.

12. The Responding Entity objects to the Subpoena to the extent that it purports to require the Responding Entity to produce information related to individuals, entities, and/or clients, that are not at issue in the Action and/or are not parties to the Action.

Sean Gellis, Esq.
April 21, 2023

13. The Responding Entity objects to the Subpoena to the extent that it was improperly issued or is defective in form, including, but not limited to, the fact that it was not signed by counsel. The Responding Party also objects to the Subpoena to the extent that it was not properly served under Fed. R. Civ. P. 45. A subpoena directed to a corporate officer or other agent must be personally served on the corporate officer or other agent authorized under Fed. R. Civ. P. 4. Caitlin v. Global, 2014 WL 3955220, at *3 (W.D.N.Y. Aug. 13, 2014); see also Bergeron v. Great W. Cas. Co., 2015 WL 5307685, at *1-3 (E.D. La. Sept. 10, 2015).

14. The Responding Entity objects to the Subpoena to the extent that it is unduly vague, precluding the Responding Entity from determining with sufficient precision the identity of the documents for which plaintiff seeks production, including without limitation requests for production of "all communications".

15. The Responding Entity objects to producing the material sought by the Subpoena in the absence of your client's prior written commitment to pay for all reasonable costs of production, including attorneys' fees and administrative costs.

In making the above objections, the Responding Entity is not suggesting or implying in any way that it has documents, materials, or information, responsive to the Subpoena and reserves all rights. The Responding Entity expressly reserves the right to amend, expand, or delete, any part of the objections set forth in this letter. Citations or references to particular terms, instructions, rules of construction, or aspects of the request, do not constitute a waiver of any and all objections that the Responding Entity has, or may interpose in the future, to any terms, instructions, rules of construction and/or other aspects of the request not cited herein.

Best regards,

Lee M. Weinberg
for WEINBERG GONSER FROST LLP