WEINBERG
GONSER
FROST

LEE M. WEINBERG
424.239.2860 direct
lee@wgfcounsel.com

April 21, 2023

VIA EMAIL: sean@gellislaw.com

Sean Gellis, Esq.
Gellis Law PLLC
300 W. Pensacola Street
Tallahassee, Florida 32301

       Re:    *Office of the Atty. General of Florida v. Smartbiz Telecom LLC*
              Subpoena addressed to YouMail, Inc.

Dear Mr. Gellis:

We write regarding the records Subpoena (the "Subpoena") addressed to YouMail, Inc. (the "Responding Entity") in the above-referenced matter (the "Action"). The Subpoena purports to demand that the Responding Party produce certain records (i) of YouMail's communications with or about certain other persons and entities, and (ii) that would by their nature include the Responding Party's intellectual property (including, without limitation, trade secrets).

Please be advised that the Responding Entity objects to the Subpoena for the reasons detailed below and reserves all rights relating to this matter, including, but not limited to, the right to seek protective orders.

The Responding Entity believes that the Subpoena is objectionable for a number of reasons, including its scope, time frame, and the burden it seeks to impose on a non-party. The Responding Entity's objections to the Subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure are set forth below.

Notwithstanding the below objections, the Responding Entity anticipates delivering certain responsive information on or before April 30, 2023.

*******************************

1. The Responding Entity objects to the Subpoena in its entirety as being overbroad, burdensome, and oppressive, including, but not limited to, the fact that the requests call for "all" communications, or "all" records, that pertain to numerous individuals and circumstances.

2. The Responding Entity objects to the Subpoena to the extent that it seeks documents that can be obtained in a more convenient, less burdensome, and less expensive manner, from the parties to the Action, from other non-parties, or from publicly available sources. Many of the documents, and much of the information, requested by the Subpoena are available from the parties' own files or from other sources and should be sought from those sources directly. The Responding Entity, a non-party, should not be put to the time and expense of producing such documents.

3. The Responding Entity, a non-party to the Action, objects to the Subpoena to the extent that it calls for the production of documents, memoranda, or reports, that constitute proprietary information, trade secrets, or other confidential, research, development, and/or commercial, information. Such materials (and the information contained therein) have been developed at great expense and effort. Their disclosure would be competitively harmful, and no confidentiality stipulation provides adequate protection for their production.

Sean Gellis, Esq.
April 21, 2023_

4. The Responding Entity objects to the Subpoena to the extent that it purports to require the production of documents or other materials protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, rule, or duty, of confidentiality that would preclude or limit production or disclosure of information therein.

5. The Responding Entity objects to the Subpoena to the extent that it purports to require the production of documents sought by or from regulatory agencies, as the Responding Entity may be precluded from producing such documents.

6. Upon information and belief, by virtue of its overbroad nature, the Subpoena calls for the production of documents and other materials that are not relevant to the issues in the Action or any party's claims or defenses and are not proportional to the needs of the case. The Responding Entity objects to the Subpoena to the extent that it calls for the production of irrelevant documents or other materials.

7. The Responding Entity objects to the Subpoena to the extent it purports to impose an obligation to preserve and/or produce transient or dynamic data, such as metadata, RAM, cookies or data on dynamic databases, because such data are not material to the Action and efforts to preserve and/or produce such data would require an undue burden and unreasonable expense, which the Responding Entity, as a non-party to the Action, is not required to undertake pursuant to the Federal Rules of Civil Procedure.

8. The Responding Entity objects to the Subpoena as overly broad and unduly burdensome to the extent that it purports to require preservation and/or production of ESI: (i) from active backup and disaster recovery systems; (ii) from inactive systems, backup tapes and other media that are no longer part of the Responding Entity's normal business operations; (iii) that is transient or dynamic, such as RAM, system files, log files, cookies or ESI on dynamic databases; (iv) that is fragmentary or corrupt ESI, such as ESI in free or slack drive space, (v) that is not reasonably accessible; or (vi) is duplicative of ESI available from other, more readily accessible sources. Efforts to preserve or produce such ESI would put an undue burden on the Responding Entity, disrupt normal business operations of the Responding Entity, and impose unreasonable expenses on the Responding Entity, especially because the Responding Entity is a non-party to the Action.

9. The Responding Entity objects to the Subpoena to the extent that it seeks the production of documents, including ESI, in a format that is not reasonably usable, or that imposes undue burden and expense on the Responding Entity as a non-party, or that prevents the Responding Entity from adequately labeling and controlling its production. If and when the Responding Entity produces documents and/or other ESI pursuant to the Subpoena, the Responding Entity will produce such documents and/or ESI in a reasonably useable format within the meaning of the Federal Rules of Civil Procedure, or subject to mutual agreement.

10. The Responding Entity objects to the Subpoena (i) to the extent that it calls for the production of documents in a location in which they are not maintained, and (ii) because the Subpoena identifies an address in Florida as the required location for production of documents and other materials, which address is more than 100 miles from the offices of the Responding Entity.

11. The Responding Entity objects to the Subpoena to the extent that it purports to impose any obligations upon the Responding Entity beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of the Southern District of Florida or by controlling case law interpreting these rules.

12. The Responding Entity objects to the Subpoena to the extent that it purports to require the Responding Entity to produce information related to individuals, entities, and/or clients, that are not at issue in the Action and/or are not parties to the Action.

Sean Gellis, Esq.
April 21, 2023

13. The Responding Entity objects to the Subpoena to the extent that it was improperly issued or is defective in form, including, but not limited to, the fact that it was not signed by counsel. The Responding Party also objects to the Subpoena to the extent that it was not properly served under Fed. R. Civ. P. 45. A subpoena directed to a corporate officer or other agent must be personally served on the corporate officer or other agent authorized under Fed. R. Civ. P. 4. Caitlin v. Global, 2014 WL 3955220, at *3 (W.D.N.Y. Aug. 13, 2014); see also Bergeron v. Great W. Cas. Co., 2015 WL 5307685, at *1-3 (E.D. La. Sept. 10, 2015).

14. The Responding Entity objects to the Subpoena to the extent that it is unduly vague, precluding the Responding Entity from determining with sufficient precision the identity of the documents for which plaintiff seeks production, including without limitation requests for production of "all communications".

15. The Responding Entity objects to producing the material sought by the Subpoena in the absence of your client's prior written commitment to pay for all reasonable costs of production, including attorneys' fees and administrative costs.

In making the above objections, the Responding Entity is not suggesting or implying in any way that it has documents, materials, or information, responsive to the Subpoena and reserves all rights. The Responding Entity expressly reserves the right to amend, expand, or delete, any part of the objections set forth in this letter. Citations or references to particular terms, instructions, rules of construction, or aspects of the request, do not constitute a waiver of any and all objections that the Responding Entity has, or may interpose in the future, to any terms, instructions, rules of construction and/or other aspects of the request not cited herein.

Best regards,

Lee M. Weinberg
for WEINBERG GONSER FROST LLP