UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:  22-23945-CIV-MARTINEZ

OFFICE OF THE ATTORNEY GENERAL,
STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,

      Plaintiff,

vs.

SMARTBIZ TELECOM LLC,

      Defendant,

_____/

## ORDER DENYING DEFENDANT'S *DAUBERT* MOTION

**THIS MATTER** comes before the Court on Defendant Smartbiz Telecom LLC's *Daubert* Motion to Exclude Testimony and Report of Mike Rudolph ("Motion"), (ECF No. 59).  Plaintiff Office of the Attorney General, State of Florida, Department of Legal Affairs responded to the Motion ("Response"), (ECF No. 68), to which Defendant replied ("Reply"), (ECF No. 75).  After careful consideration of the relevant briefing and the record, and being otherwise advised in the premises, the Court **DENIES** Defendant's Motion.

This case concerns Defendant's alleged transmission of illegal robocalls. Mike Rudolph ("Rudolph") is the chief technology officer at YouMail, a company which provides consumer voicemail service for millions of registered subscribers, as well as analytics and data related to robocalls. (Mot. ¶ 1; Resp. at 1). Rudolph was retained by Plaintiff "as an expert witness to analyze several relevant datasets, specifically: Defendant's Call Detail Records ("CDRs"), consumer voicemail recordings provided by YouMail, traceback data provided by the Industry Traceback Group ("ITG"), and consumer complaint data provided by the Attorney General." (Resp. at 1–2).

Rudolph prepared an Expert Report describing several types of analysis using different methodologies including the following: first, is the behavior call analysis which identifies indicia of fraudulent or otherwise unwanted calls in Defendant's CDRs and consists of five sections of his Summary of Findings: (1) Analysis of "Snowshoeing" Calling Tactics, (2) Analysis of Low Answer Rates and Short Duration Calls, (3) Analysis of Phone Number Spoofing, (4) Analysis of Recipient Geographic Location, and (5) Analysis of Telemarketing Hours and Do-Not-Call-Registry (DNC) Data; next, Rudolph analyzed Defendant's CDRs in conjunction with YouMail Consumer Voice Call Evidence, which consists of call records for calls to YouMail subscribers, recordings of voicemails left by those calls, and transcriptions of those voicemails, identifying examples of calls that Defendant transmitted to YouMail subscribers; third, Rudolph performed an analysis of traceback information to identify patterns in Defendant's traceback responses to the ITG; finally, Rudolph analyzed Defendant's CDRs and YouMail data in conjunction with consumer complaint data supplied by Plaintiff to identify individuals who complained about the types of calls Defendant transmitted. (ECF No. 59-2; Resp. at 2–3).

Defendant moves to strike Rudolph's expert testimony "because it does not carry the hallmarks of reliability." (Mot. at 6). Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony and provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Additionally, the Eleventh Circuit has set out three requirements that an expert must meet before his opinions may be admitted. *Hughes v. Kia Motors Corp.*, 766 F.3d 1317, 1329 (11th Cir. 2014).

"First, the expert must be qualified on the matter about which he intends to testify." *Id.* (citing *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)). Second, the expert "must employ reliable methodology." *Id.* With respect to whether an expert's methodology is reliable, the Supreme Court set out four non-exclusive criteria for reliability determinations: "(1) whether the expert's methodology has been tested or is capable of being tested; (2) whether the technique has been subjected to peer review and publication; (3) the known and potential error rate of the methodology; and (4) whether the technique has been generally accepted in the proper scientific community." *Wilson v. Taser Int'l, Inc.*, 303 F. App'x 708, 713 (11th Cir. 2008) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004)); *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993). Whether these factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (1999). However, "[n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Geyer v. NCL Bahamas Ltd.*, 203 F. Supp. 3d 1212, 1215 (S.D. Fla. Aug. 26, 2016) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). Third, the expert's testimony must assist the trier of fact through the application of expertise to understand the evidence or facts in issue. *Hughes*, 766 F.3d at 1329 (citing *Tuscaloosa*, 158 F.3d at 562).

This Court shall only address the second requirement, whether an expert's methodology is reliable, as it is the only *Daubert* prong explicitly challenged in the Motion. Defendant argues that

3

Rudolph's testimony and methods are unreliable because they are based on confidential and proprietary processes, use algorithms and codes to do much of the work, have not been peer reviewed, have an error rate of less than 1% that is inherently suspect, and cite the average length of Defendant's calls as a metric. (Mot. at 6).

Plaintiff counters with the following: Defendant could replicate Rudolph's behavioral call analysis and identify any errors in his methodology or findings, demonstrating the reliability of Rudolph's analysis; Defendant's purported traffic monitoring policy uses essentially the same methodology as Rudolph's behavioral call analysis, namely calculating the percentage of short duration calls; Rudolph's analysis using traceback data and consumer complaint data is entirely testable and replicable; Defendant has all of the underlying data sources and could have verified the accuracy of Rudolph's observations itself or through a rebuttal expert who has the requisite expertise in data analysis; while it is true that YouMail's processes are proprietary in some respects, they are not secret or otherwise immune from discovery and Defendant could have obtained technical details as to how YouMail generated the consumer voice call evidence that Rudolph's analysis is based on; lastly, Defendant's contentions that Rudolph's methods are unreliable because they use algorithms and have not been peer reviewed are not relevant to the type of expert opinion Rudolph has produced. Defendant relies primarily on factors relevant to scientific testimony to rebut the reliability of Rudolph's methodology, but Rule 702 does not bar non-scientific expert evidence, and allows expert opinions based on technical or other specialized knowledge. (Resp. at 9–17).

This Court finds that Defendant's issues with Rudolph are insufficient to warrant the exclusion of his testimony and are best addressed on cross-examination. *See Atkinson v. Carnival Corp.*, No. 20-20317-CIV, 2021 WL 8534238, at *4 (S.D. Fla. Nov. 29, 2021) (citing to *Daubert,*

509 U.S. at 596) (holding that the expert's opinions should not be excluded, but rather be subjected to "vigorous cross-examination" and "presentation of contrary evidence.").

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's *Daubert* Motion to Exclude Testimony and Report of Mike Rudolph, (ECF No. 59), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___3___ day of September, 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record